CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LANTZ DOMOENCH DAY, ) | |
|     Plaintiff, ) | Civil Action No. 7:24-cv-00270 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| NURSE PRACTITIONER JESSEE ) |     Chief United States District Judge |
| HOLBROOK,[1] *et al.*, ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Lantz Domoench Day, an inmate at Red Onion State Prison acting *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs. (Am. Compl., Dkt. No. 4.) The court severed the amended complaint into two separate actions. (Dkt. No. 17.) The above-captioned matter involves allegations that defendants were deliberately indifferent to Day's hip injury and need for a hip replacement. The defendants have moved to dismiss. (Dkt. Nos. 35, 41.) Day responded to both motions. (Dkt. Nos. 49, 61.)[2] Plaintiff also filed a "Motion to Cure Deficiency," which the court construes as an attempt to amend his complaint. (Dkt. No. 60.)

For the reasons the follow, plaintiff's motion will be denied, and defendants' motions to dismiss will be granted.

I. BACKGROUND

In considering a motion to dismiss, the court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *Langford v. Joyner*, 62

---

[1] The court notes that "Jessee" is not Nurse Holbrook's first name, it is her former last name. (Dkt. No. 53.).

[2] Plaintiff also filed a sur-reply that was not authorized by the local rules of this judicial district. (Dkt. No. 59.) The court has reviewed this submission.

F.4th 122, 124 (4th Cir. 2023). In the light most favorable to the plaintiff, this suit is based upon the following events as set forth in Day's amended complaint. (Dkt. No. 4.)[3] The court has also considered the attachments to plaintiff's complaint which are integral to and explicitly relied upon in the complaint. *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

**A. Amended Complaint**

As alleged, the defendants in this action are Nurse Practitioner Jessee Holbrook, Dr. Happy Smith, Physician Assistant Rob Stevenson, Melissa Turner, PST, and Dr. John Mann, Orthopedic Surgeon.

Day alleges that years of pain and suffering could have been avoided if Nurse Holbrook had not acted with deliberate indifference toward his medical condition. The amended complaint then proceeds to outline a chronology of his medical issues. (Am. Compl. 6–21.) Other defendants are referenced at various points in the chronology.

- 7/2017: Day received an x-ray at Sussex I State Prison. The impression of the left hip was mild degenerative change.

- 2/2018: request for offsite appointment for left hip injection under fluoroscopic guidance, completed in March 2018.

- 12/2020: beginning of sciatic pain in left hip while housed at State Farm Enterprise Unit.

- 3/2021: transferred to Pocahontas Correctional Center. Continued to complain about sciatic left side but still active physically. Taking NSAIDS and muscle rub. Won the one-mile race at the facility. Dr. Happy Smith was the primary physician at Pocahontas.

- 10/2021: personal shoes for support due to increase pain in lower back and left hip.

- 11/2021: request for personal shoe accommodation after transfer to Red Onion which was denied by Holbrook and ADA committee person A. Duncan.

---

[3] This case involves the allegations in pages 4–25 of the amended complaint. (Dkt. No. 17.)

- Mid-2022: sudden pain in groin that ended Day's ability to exercise or walk without groin pain.

- 7/2022: x-rays of left hip due to more pain complaints. Pain when standing straight or leaning back. Pulling feeling in groin of left hip.

- 8/2022: left hip pain and lower back degenerative disc disease getting worse. Lumbar arthritis was obvious but left hip showed as normal.

- 10/2022: spinal injection at VCU. Was kept at Sussex I on a temporary medical hold.

- 12/2022: continued complaints of left hip pain, x-ray showed unremarkable left hip.

- 4/2023: returned to Red Onion but still in pain. Inquired about MRI or CT scan.

- 6/2023: Nurse Holbrook ordered another left hip x-ray. Dr. Happy Smith signed off on the result, which showed osteoarthritic changes in the left hip.

- 7/2023: orthopedic consultation approved at Johnston Memorial Hospital.

- 8/2023: Day met with Robert Stevenson, P.A., who diagnosed avascular necrosis, which he believed was due to plaintiff's history of drinking. Plaintiff alleges that he never discussed drinking and he is not an abuser of alcohol. Stevenson never discussed this diagnosis with plaintiff. He did diagnose avascular necrosis and performed a blind trochanteric bursa injection.

- 8/11/23: Nurse Holbrook requested a left hip replacement using notes from PA Stevenson, initiated by Dr. Smith. Holbrook's request, with the "collusion" of Melissa Turner and Dr. Smith, was approved.

- 12/2023: Day is told that the Department of Corrections in Richmond approved his hip replacement and that it would be done at VCU, where he had his right hip replaced in 2020. Day never knew that Holbrook, Turner, Trent, Smith, and Dr. John Mann were "in collusion" to have it done locally.

- 1/9/24: Day has his first consultation with the orthopedic surgeon, Dr. John Mann. There was a discussion about what to expect with the surgery. It was "nothing like" what plaintiff experienced at VCU in 2020, so he was "comfortable" going back to VCU. There was "no mention" of avascular necrosis.

- 2/5/24: Nurse Holbrook "finally" sent him a note that the hip replacement would be done "locally," which she had been orchestrating for months.

- 2/9/24: pre-op.

3

- 2/24/24: surgery.

Plaintiff concludes by alleging that if there had been an MRI, at his request, a year earlier, avascular necrosis could have been detected earlier. Other treatments, such as core decompression, bone grafting, and osteotomy are some methods that could have been used to delay the need for joint replacement in persons under 50 years old. Day is 46 years old. He claims that he "knows a lot more about osteoarthritis" than he did when he received his first hip replacement at age 42. He tried to get support shoes, a cane, and an MRI at ROSP but was denied repeatedly for years by his primary provider, Nurse Holbrook.

Day alleges that the surgery has left him with one leg longer than the other. Dr. Mann assured him that his legs would match after the surgery. Plaintiff also contracted an infection. He was denied a walker on the same day he had surgery. Plaintiff was forced to do physical therapy in shackles and handcuffs. Day was then forced out of medical to general population and assigned to a top tier and a top bunk. Nurse Holbrook said she forgot to assign him to a lower bunk.

## B. Plaintiff's Response and Motion to Cure Deficiency

Day filed a motion to cure a deficiency in his amended complaint, which the court construes as a motion for leave to file an amended complaint. This motion is identical to plaintiff's response to the motion to dismiss filed by defendants Rob Stevenson and John Mann. (Dkt. Nos. 60, 61.) Plaintiff's motion states that he "concurs" that he has not fully established that Mann and Stevenson are state actors or sufficiently alleged deliberate indifference against them. (*Id.* at 1.) Day requests the opportunity to allege a broader constitutional violation through amended facts.

In response to the motion by the other three defendants—Turner, Smith, and Holbrook—Day maintains that he has stated an Eighth Amendment claim due to his experience of "unnecessary pain" under the care of Holbrook. (Dkt. No. 49.) Plaintiff also moved for appointment of counsel, which was denied by a court order. (Dkt. Nos. 50, 52.)

II.  ANALYSIS

A.  Leave to File an Amended Complaint

Day, as noted, has filed a motion to cure a deficiency in his amended complaint, which the court construes as a motion to amend his complaint. Plaintiff's motion does not include a proposed amended complaint, and Day cannot amend his complaint through briefing. *See Rhoads v. Guilford Cnty., N.C.*, 751 F. Supp. 3d 590, 607 n.14 (M.D.N.C. 2024). The court will not consider plaintiff's attempt to cure the errors in his complaint when resolving the pending motions to dismiss. Accordingly, the court will deny the motion, but the court will grant plaintiff leave to file a second amended complaint if he so chooses.

B.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and

construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

## C. Turner, Smith, Holbrook

A claim of deliberate indifference by a convicted prisoner is brought pursuant to the Eighth Amendment's prohibition of cruel and unusual punishment. "Prison officials violate the Eighth Amendment's cruel-and-unusual punishment clause when they are deliberate indifferent to a substantial risk to an inmate's safety or medical needs." *King v. Riley*, 76 F.4th 259, 264 (4th Cir. 2023). An Eighth Amendment claim of deliberate indifference has an objective and subjective component. *Id.* To satisfy the objective component, the deprivation alleged "must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of serious harm resulting from exposure to the challenged conditions." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). To satisfy the subjective component, a plaintiff "must show that the official knew of and disregarded an excessive risk to inmate health or safety." *Id.* at 361. This is an "exacting standard" which is not

6

met by "mere negligence or even civil recklessness." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

According to Day's allegations, including the medical records attached to his complaint, Day received consistent and constant care for his hip issues. As it pertains to Nurse Holbrook, plaintiff alleges that she ordered an x-ray and initiated a hip replacement. Plaintiff is not satisfied with the results of his hip replacement and has qualms in retrospect about his course of treatment, but this does not amount to sufficient allegations to satisfy the subjective component of a deliberate indifference claim. "Disagreements between an inmate and a physician over the inmate's proper care are not actionable absent exceptional circumstances." *Hixson v. Moran*, 1 F.4th 297, 302–03 (4th Cir. 2021). Moreover, plaintiff's allegations, such as his claim that Nurse Holbrook forgot to assign a lower bunk after his surgery, are claims of negligence that also do not meet the deliberate indifference standard. Finally, prior to the x-ray in June 2023 that showed osteoarthritic changes in Day's left hip, plaintiff alleges that he presented with pain, but such allegations are not sufficient to set forth an objectively serious medical need. *See Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (allegation of hip and back pain was not sufficient to "infer . . . that the medical need was so serious that any lay person would recognize the necessity of treatment").

In his brief in opposition to the motion to dismiss, Day has included several factual allegations that were not included in his amended complaint. As noted above, Day cannot amend his complaint through his brief. Day also states that the exhibits to his amended complaint show that defendants acted with deliberate indifference. The court has reviewed those exhibits, and they do not contain evidence of deliberate indifference. (*See, e.g.*, Dkt. No. 4-1 at 27 (Dr. Smith ordered pain medication when plaintiff complained of sciatica); *id.* at 35 (Nurse Holbrook

ordered a hip x-ray and Tylenol when plaintiff complained of hip pain); *id.* at 38 (Nurse Holbrook ordered Zanaflex when plaintiff complained that Tylenol was not working).)

For these reasons, the court will grant the motion to dismiss filed by defendants Turner, Smith, and Holbrook.

**D.  Stevenson and Mann**

As noted, defendants Stevenson and Mann argue that plaintiff has not plausibly alleged state action or any claims for deliberate indifference against them. Day has conceded that his allegations are insufficient, but the court expresses no opinion on whether Day could plausibly allege such claims against these defendants. For these reasons, the court will grant the motion to dismiss with leave to amend.

III.  CONCLUSION

The court will issue an appropriate order granting defendants' motions to dismiss.

Entered:   September 29, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

8